NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROBERT ANTHONY COMBS, *Appellant.*

No. 1 CA-CR 25-0050

FILED 07-15-2026

Appeal from the Superior Court in Maricopa County
No. CR2022-139981-001
The Honorable Joseph Shayne Kiefer, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Law Office of Kyle T. Green, Mesa
By Kyle Green
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Chief Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge David B. Gass[1] and Judge Anni Hill Foster joined.

---

**H O W E**, Judge:

**¶1**　　　　This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for Robert Combs has advised this Court that he found no arguable questions of law and asks us to search the record for fundamental error. A jury convicted Combs of one count of unlawful flight from a law enforcement vehicle, a class 5 felony, and one count of reckless driving, a class 2 misdemeanor. Combs was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm his convictions and sentences.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Combs. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998).

**¶3**　　　　In October 2021, officers noticed a car repeatedly failing to use its turn signal. They attempted to stop the car, turning on their lights and siren. The driver of the car, later identified as Combs, did not stop and instead accelerated, driving away from the officers. In doing so, Combs ran a red light, sped, and drove erratically around other vehicles on the road. Eventually, Combs parked in an apartment complex and got out of the car. An officer arrested him and read him his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). Then Combs told the officer that he knew a police car

---

[1] Judge David B. Gass was a sitting member of this Court when this matter was assigned to this panel. He retired effective June 30, 2026. In accordance with the authority granted by Article VI, Section 3, of the Arizona Constitution, and under A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge David B. Gass as a judge pro tempore in the Court of Appeals for the purpose of participating in the resolution of cases assigned during his term and for the duration of Administrative Order 2026-87.

was behind him, but that he thought his registration was canceled, and "thought he could get away."

¶4    Combs appeared at his arraignment during which the court advised him that the failure to appear at scheduled hearings would result in consequences and that he "may be tried in his[] absence if he[] fails to appear for trial." It also advised him that if he failed to appear and his "absence prevents [him] from being sentenced within ninety days from the conviction, [he] may lose the right to a direct appeal." Combs also appeared at a pretrial conference where the court re-admonished him that his "failure to appear at any final trial management conference, trial, evidentiary hearing, or any hearing set before the court may result in a bench warrant being issued for his[] arrest and the FTMC, trial, evidentiary hearing or any hearing set before the court may be conducted in [his] absence." The court also affirmed both the final trial management conference ("FTMC") and trial date. Combs then appeared at the FTMC where the court granted his motion to continue trial and again advised him of the consequences of failing to appear. A month later at the rescheduled FTMC, Combs again appeared and moved to continue, which the court granted.

¶5    Combs then failed to appear at the third FTMC, and the court issued a warrant for his arrest, but it did not vacate the trial date. At a status conference on the day after the trial date that Combs received in person, defense counsel told the court that he had no updates to share about Combs's status and that he was prepared to go to trial. The court then reset the trial.

¶6    At the reset trial, the State tried Combs *in absentia*. The State presented testimony from the officer who followed and arrested Combs. It also presented testimony from a police aircraft pilot who explained that he observed Combs (1) driving with police following him, (2) pulling into the apartment complex, (3) parking and exiting the car, and (4) contacting the officers on the ground. Defense counsel cross examined the State's witnesses but did not otherwise present any evidence. The jury convicted Combs of one count of unlawful flight from a law enforcement vehicle, a class 5 felony, and one count of reckless driving, a class 2 misdemeanor.

¶7    Following the conviction, the court held a trial on the priors at which the State admitted evidence including four certified copies of his former guilty pleas and sentences, a Department of Corrections summary of his priors, and four booking photos from the Maricopa County Sheriff's Office. The court found Combs had sufficient historical prior felony convictions under A.R.S. § 13-105(22)(d) to sentence him as a category three

repetitive offender. A.R.S. § 13-703(C). It thus sentenced him to the presumptive term of five years' imprisonment for unlawful flight from a law enforcement vehicle and 49 days incarceration with credit for 49 days of presentence incarceration for reckless driving. *See* A.R.S. § 13-703(J). Combs then appealed.

## DISCUSSION

**¶8**        "We have an independent duty to determine whether we have jurisdiction on appeal." *State v. Nunn*, 250 Ariz. 366, 368 ¶ 4 (App. 2020). "A defendant may not appeal" if their "absence prevents sentencing from occurring within ninety days after conviction and the defendant fails to prove by clear and convincing evidence at the time of sentencing that the absence was involuntary." A.R.S. § 13-4033(C). But section 13-4033(C) applies "only if the defendant's waiver is determined to be knowing, voluntary, and intelligent," which requires the State "to show that the defendant was notified that delaying sentencing by absconding for more than ninety days could result in a waiver of the right to appeal." *State v. Brearcliffe*, 254 Ariz. 579, 584 ¶ 16 (2023).

**¶9**        Here, although the State noted the potential issue at sentencing, it did so "just to have it on the record" and ultimately "[took] no position" on "the right to appeal." The superior court stated "I don't have everything in front of me to do a full hearing on that matter right now . . . I don't know whether [an appeal is] going to be taken up or not." The State also does not raise the issue with this Court. "[I]t is well-established that the burden of proving waiver of a constitutional right falls on the state." *Id.* at 583 ¶ 10. Given the State's failure to take a position with the superior court or raise the question with this Court, we do not question our jurisdiction over this appeal. A.R.S. § 13-4033(A)(1).

**¶10**        We review Combs's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12 (App. 2011). Counsel for Combs has advised this Court that after a diligent search of the entire record, he has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, and find none. All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, counsel represented Combs at all stages of the proceedings, and the sentences imposed were within the statutory guidelines. *See* A.R.S. §§ 13-105(22)(d), -703(J).

¶11        Although Combs was not present at his trial, "[t]he court may infer that a defendant's absence is voluntary if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence." Ariz. R. Crim. P. 9.1. "[I]t is possible for a defendant to voluntarily absent himself from trial even without actual notice of the continued trial date, under circumstances that indicate he would not appear even if he had known the new trial date." *State, ex rel. Romley v. Superior Ct.*, 183 Ariz. 139, 144 (App. 1995). Before trial, Combs was repeatedly told that he had the right to be present and that trial could continue in his absence. *See supra* ¶ 4. The court did not vacate and continue the trial until *after* the date Combs had actual notice of, and he did not appear for trial on that date. Thus, the record supports the finding that Combs would not have appeared, regardless whether he knew of the continued trial date. *Romley*, 183 Ariz. at 144. And Combs had a "duty under the conditions of his release to maintain contact with the court and/or his attorney as to the trial date and any changes in that date," which he failed to do. *State v. Tudgay*, 128 Ariz. 1, 3 (1981). We decline to order briefing on this issue.

¶12        After Combs's conviction and trial on the priors but before his sentencing, the United States Supreme Court held that whether prior convictions were committed on separate occasions is a fact a jury must "find beyond a reasonable doubt" if it increases the defendant's "exposure to punishment." *Erlinger v. United States*, 602 U.S. 821, 828, 835 (2024). In determining which category a defendant falls into for sentencing, convictions for multiple offenses committed on the "same occasion" count as a single conviction. A.R.S. § 13-703(L). Thus, the superior court should not itself determine if historical priors occurred on the "same occasion" and rather put the question to the jury. *State v. Porter*, 258 Ariz. 590, 593 ¶ 10 (App. 2024) (depublished in part by 259 Ariz. 467 (2025)). But fundamental error requires a showing of prejudice, which Combs has not and cannot establish. *State v. Escalante*, 245 Ariz. 135, 138, 144 ¶¶ 1, 29 (2018) (a defendant proves prejudice by showing that, without the error, "a reasonable jury . . . could have reached a different [outcome]") (cleaned up).

¶13        The record includes unobjected-to exhibits establishing that Combs had at least four prior felonies, one with an offense date in 2000, two with (different) offense dates in 2009, and one with an offense date in 2017. *See State v. Flores*, 236 Ariz. 33, 36 ¶ 9 (App. 2014) ("[W]e have found no Arizona case concluding that offenses were committed on the same occasion when the crimes were committed on different days."). No reasonable jury could have found that Combs had less than four priors

committed on different occasions. *See Escalante*, 245 Ariz. at 144 ¶ 29. We decline to order briefing and affirm Combs's convictions and sentences.

¶14 Upon the filing of this decision, defense counsel shall inform Combs of the status of the appeal and of his future options. Counsel has no further obligations unless, upon review, Counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Combs shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶15 We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:  JR